*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DERRIUS ALPHONZO HAYNES,

Defendant-Appellant.

UNPUBLISHED
May 9, 2019

No. 343558
Wayne Circuit Court
LC No. 08-008833-01-FC

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant, Derrius Alphonzo Haynes, appeals by leave granted[1] the trial court's order denying his motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules. We affirm.

## I. BACKGROUND

As this Court explained in *People v Haynes*, unpublished per curiam opinion of the Court of Appeals, issued July 15, 2010 (Docket No. 291576), p 1:

> Defendant's convictions arise from a drug transaction gone awry. Defendant purchased $3,200 worth of cocaine from Emmitt Rodgers and Cordell McCaroll, but was unsatisfied with the quality. Rodgers and McCaroll agreed to a refund, and Rodgers took back the cocaine, but the men were not prompt in returning defendant's money. Shortly after midnight on May 19, 2008, as Rodgers and McCaroll exited the elevator in Rodgers'[s] apartment building and began walking to Rodgers'[s] apartment, defendant stepped out from behind a wall and pulled a gun from his pocket. Rodgers and McCaroll fled in different

---

[1] *People v Haynes*, unpublished order of the Court of Appeals, entered June 14, 2018 (Docket No. 343558).

directions as defendant pointed the gun at them. Defendant then shot the gun, hitting McCaroll in the chest and killing him.

Defendant did not deny his involvement in the underlying drug transaction and admitted at trial that he was present during the shooting. However, he claimed that Rodgers initiated the shooting by pulling a gun on him, and that the gun went off accidentally as he and Rodgers struggled for control of it.

Defendant was charged with first-degree premeditated murder, MCL 750.316, assault with intent to commit great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The jury found defendant guilty of second-degree murder, MCL 750.317, and guilty of all of the other charged offenses. *Haynes*, unpub op at 1. This Court affirmed defendant's convictions and sentences, rejecting defendant's argument that he was entitled to a mistrial or curative instruction because the prosecutor impeached defendant's testimony by referencing a notice of alibi that defendant filed and later withdrew before trial. *Id.* at 1-4.

The present appeal stems from a motion for relief from judgment filed by defendant in 2017. Among other issues, defendant contended that appellate counsel was ineffective for failing to argue on direct appeal that the trial court abused its discretion by refusing a request by defense counsel to instruct the jury on the lesser-included offense of common-law involuntary manslaughter. The trial court found that appellate counsel was not ineffective because the underlying jury-instruction issue was meritless. Defendant sought delayed leave to appeal in this Court, and this Court granted the application.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion, and any factual findings supporting the decision are reviewed for clear error. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes," or if the trial court "makes an error of law . . . ." *Id.* at 628-629 (citations omitted).

## III. ANALYSIS

A defendant in a criminal case may move for relief from a judgment of conviction and sentence. MCR 6.502(A). Such motions are governed by MCR 6.500 *et seq*. These rules outline the procedure for how a trial court is to consider a motion for relief from judgment, identify the requirements that a defendant must establish to be entitled to relief, and limit the number of motions that a defendant may file. [*Swain*, 288 Mich App at 629.]

"A defendant has the burden to establish entitlement to relief. MCR 6.508(D)." *Id.* at 630. In a number of circumstances, the court is precluded from granting relief. See MCR 6.508(D)(1), (2), and (3). Relevant to this matter, a defendant is precluded from obtaining relief if the motion:

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that:

(i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;

(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceeding was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;

(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;

(iv) in the case of a challenge to the sentence, the sentence is invalid.

The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime. [MCR 6.508(D)(3).]

In this case, defendant contends that he has demonstrated good cause because his appellate counsel was ineffective for failing to argue on appeal that defendant was entitled to an involuntary manslaughter instruction. "The requirement of 'good cause' can be established by proving ineffective assistance of [appellate] counsel." *Swain*, 288 Mich App at 631. "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *Id*. at 643. "To prove a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell below objective standards of reasonableness and that, but for counsel's error, there is a reasonable probability that the result of the proceedings would have been different." *Id*.

There are several reasons why defendant's motion for relief from judgment must fail. First, the motion is premised on the belief that the trial court improperly rejected a requested instruction for involuntary manslaughter. A review of the record reveals that in a colloquy regarding instructions, trial counsel asked for an instruction on negligent homicide that the trial court declined. Subsequently, the court discussed the involuntary manslaughter instruction, offered an initial concern that it was not applicable, and never returned to the issue. Therefore, if the instruction is applicable to evidence in this case, the decision not to request the instruction was made by trial counsel, not the court. Unless that failure is proven to be ineffective assistance of trial counsel, appellate counsel had no basis to raise it on direct appeal and cannot be deemed ineffective for not doing so. The trial court, not defense counsel, apparently then began looking

through other instructions for potentially applicable offenses. The trial court, not defense counsel, stated that "[t]he other option is involuntary manslaughter." After reading through the instruction, the trial court expressed a belief that the instruction did not apply to the facts of the case. The prosecutor agreed, stating that defendant's theory of the case did not show gross negligence. Defense counsel then stated, "I think the struggle qualifies." This is the closest defense counsel came to requesting an involuntary manslaughter instruction. The trial court did not directly respond, however. Instead, the trial court read a different theory of involuntary manslaughter, and then stated that this other theory "just doesn't fit." At that point, the trial court told defense counsel that he "need[ed] to look over this[,]" clearly referencing the model instruction for involuntary manslaughter. The trial court took a recess so that counsel could obtain a copy of the model instruction from the prosecutor and review it. But after that recess, the issue was not taken up with the trial court. Defense counsel later affirmatively expressed agreement with the trial court's instructions and verdict form, both of which omitted any mention of involuntary manslaughter.

Defendant's motion for relief from judgment also fails because he was not entitled to an instruction on common-law involuntary manslaughter. "[A]n inferior-offense instruction is appropriate only if the lesser offense is necessarily included in the greater offense, meaning, all the elements of the lesser offense are included in the greater offense, and a rational view of the evidence would support such an instruction." *People v Mendoza*, 468 Mich 527, 533; 664 NW2d 685 (2003). "[M]anslaughter is a necessarily included offense of murder because the elements of manslaughter are included in the offense of murder." *Id*. at 536. Thus, the question is whether a rational view of the evidence would have supported an instruction on common-law involuntary manslaughter.

"Involuntary manslaughter is the unintentional killing of another, without malice, during the commission of an unlawful act not amounting to a felony and not naturally tending to cause great bodily harm; or during the commission of some lawful act, negligently performed; or in the negligent omission to perform a legal duty." *Id*. In this case, there were essentially two versions of what occurred that were presented to the jury. Either defendant intentionally killed McCaroll, or he accidentally killed McCaroll while struggling with Rodgers over a gun that Rodgers had produced. Obviously, if defendant intentionally killed McCaroll, an involuntary manslaughter instruction would not be applicable. At its core, involuntary manslaughter encompasses an unintentional killing. *Id*. Thus, the question is whether defendant's version of events would support an involuntary manslaughter instruction.

Arguably, defendant has abandoned the issue on appeal. While his brief asserts that certain evidence aligns with the theory that the shooting occurred during a struggle with Rodgers, defendant fails to explain how, precisely, these facts would support an involuntary manslaughter instruction. In other words, defendant never explains how, if the jury believed McCaroll was the victim of an accidental shooting resulting from the struggle between defendant and Rodgers, this scenario would amount to involuntary manslaughter. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . ." *People v Bosca*, 310 Mich App 1, 33; 871 NW2d 307 (2015) (quotation marks and citation omitted). Because defendant has failed to explain to the Court why he would have been entitled to an involuntary manslaughter instruction, we could deem the issue abandoned. *People v Lopez,* 305 Mich App 686, 694; 854 NW2d 205 (2014).

We nevertheless find that defendant was not entitled to the instruction. As explained, there are three forms of common-law involuntary manslaughter: (1) an unintentional killing that occurs during the commission of an unlawful act that is not a felony; (2) a negligent killing that takes place during the commission of a lawful act, or (3) death that occurs as the result of one's failure to perform a legal duty. *Mendoza*, 468 Mich at 536. Defendant's version of events is that he was lawfully attempting to protect himself from Rodgers after Rodgers produced a handgun. This would only potentially fit the second form of involuntary manslaughter, i.e., a negligent killing that occurs during the commission of a lawful act. The degree of negligence needed to establish this form of involuntary manslaughter is gross negligence. *People v Holtschlag*, 471 Mich 1, 16-21; 684 NW2d 730 (2004); *People v Head*, 323 Mich App 526, 532; 917 NW2d 752 (2018). "Gross negligence means wantonness and disregard of the consequences that may ensue." *Head*, 323 Mich App at 532. "Wantonness exists when the defendant is aware of the risks but indifferent to the results; it constitutes a higher degree of culpability than recklessness." *Id*. Gross negligence ultimately requires proof of three elements:

(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another[,]

(2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand[, and]

(3) The omission . . . to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*Id*. (quotation marks and citation omitted).]

Again, defendant's theory of the case was that Rodgers produced a gun, and that in an effort to protect himself from being shot, defendant engaged in a struggle with Rodgers over the gun. During this struggle, the gun accidentally fired, striking McCaroll and killing him. Nothing about this scenario would indicate any form of gross negligence by defendant. Rather, if believed, defendant's theory of the case would show that McCaroll's death was entirely accidental, at least as it relates to defendant. Rodgers introduced a deadly weapon into the situation, and defendant was only trying to prevent it from being fired. This does not demonstrate gross negligence on the part of defendant. Accordingly, an involuntary manslaughter instruction would not have been warranted.

As such, defendant has not met his burden to demonstrate entitlement to relief from judgment. He was not entitled to an involuntary manslaughter instruction at trial, and thus, there is no underlying error. Further, even if there was an error, it was not the trial court's error; rather, defense counsel appears to have chosen not to request the instruction. Still, had the issue been raised by appellate counsel on direct appeal, it would have failed for the reasons stated. Appellate counsel's failure to advance a meritless argument cannot be deemed ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Without establishing ineffective assistance of appellate counsel, defendant fails to demonstrate good cause under MCR 6.508(D)(3)(a). For all of these reasons, the trial court did not abuse its discretion by denying the motion for relief from judgment. MCR 6.508(D).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica